PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD JAMES ARMSTRONG, JR., | ) | |
| | ) | CASE NO. 4:20CV2716 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MAHONING COUNTY JUSTICE | ) | |
| CENTER, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Richard James Armstrong, Jr., a detainee in the Mahoning County Justice Center, filed this action under 42 U.S.C. § 1983 against the Mahoning County Justice Center and the Mahoning County Sheriff.  In the Complaint, ECF No. 1, and two supplements thereto, ECF Nos. 3, 4, Plaintiff alleges that he was searched, x-rayed, and placed in restrictive and unsanitary housing under harsh conditions on the suspicion that he had illegal drugs in his possession.  He further alleges he was assaulted by officers of the jail.  He asserts claims for retaliation and cruel and unusual punishment and seeks monetary damages.

Because Plaintiff seeks to proceed against parties who are not proper Defendants, the Court dismisses the case.  Plaintiff may file a motion to reopen the case, along with a proposed amended complaint, within 30 days.

## I.  Background

Plaintiff claims that in September 2020, he was taken from his cell in the Mahoning

(4:20CV2716)

County Justice Center to the booking area where he was strip searched and x-rayed on suspicion that he was hiding illegal drugs.  ECF No. 1 at PageID #: 3.  He contends this happened three times in one day.  He indicates that although no drugs were found in his possession, he was placed in isolation without a mattress for 36 hours under the orders of a sergeant.  He remained in isolation for eight days.  He states that during that time, a breakfast meal was not delivered to him.  He brought that to the attention of officers, and a meal was brought to him.  He indicates he vomited immediately after eating it.  *Id.*  He alleges he was denied medical care.

Plaintiff contends he has been harassed since September 2020.  He states officers tamper with his meals and read his legal[1] mail.  ECF No. 1 at PageID #: 4; ECF No. 3 at PageID #: 19. He alleges the officers deny privileges to inmates who talk to him or interact with him.  ECF No. 1 at PageID #: 4.

Plaintiff alleges he was assaulted by a sergeant, a lieutenant and a deputy on September 29, 2020.  He claims that he was taken from his cell and placed into handcuffs.  He states that after he raised his hands, he was shot with a tazer.  He indicates he was then taken to an isolation booking cell with no sink or toilet for six days.  He contends he was without a mattress for thirty-six hours.  ECF No. 1 at PageID #: 4.  He was moved to a suicide observation cell, with no furniture and constant observation.  He alleges that this has prevented him from properly preparing for trial.  *Id.*  Plaintiff indicates he has to sleep on the floor despite having a bullet

---

[1] It is unclear whether Plaintiff means privileged communications or documents being sent to a court to be filed on a public docket.

2

(4:20CV2716)

lodged in his back.  He claims his mother is not respected when she calls the medical department

to check on him.  *Id.* at PageID #: 5.  He asserts he has been subjected to cruel and unusual

punishment and retaliation, including being forced to take "psychodelic meds" against his will.

ECF No. 4 at PageID #: 21 (sic).  He seeks monetary damages.

## II.  Standard for Dismissal

A district court is expressly authorized to dismiss any civil action filed by a prisoner

seeking relief from a governmental entity, as soon as possible after docketing, if the court

concludes that the complaint fails to state a claim upon which relief may be granted, or if the

plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see*

*Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the

proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re*

*Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction

is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.

3

(4:20CV2716)

The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  Law and Analysis

Before addressing the substance of Plaintiff's legal claims, the Court must determine against which of the Defendants, if any, his claims can be asserted.  Plaintiff names two defendants: (1) the Mahoning County Justice Center and (2) the Mahoning County Sheriff.  The Mahoning County Justice Center is merely a subunit of Mahoning County.  It is not *sui juris*, meaning it is not a legal entity in its own right under Ohio law that can sue or be sued.[2]

Even if the Court liberally construes the claims as asserted against Mahoning County, Plaintiff could not proceed.  As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of

---

[2] *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) ("under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued.") (collecting cases); *Jackson v. Adult Parole Auth.*, No. 1:19CV2339, 2020 WL 639187, at *2 (N.D. Ohio Feb. 11, 2020) ("Neither the Cuyahoga County Jail, the Cuyahoga County Sheriff's Office or the Cuyahoga County Common Pleas Court ... are ... *sui juris,* meaning they are not separate legal entities under Ohio law that can sue or be sued."); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18CV00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (Common Pleas Court was not *sui juris*).

(4:20CV2716)

liability.  See *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).  Because the Complaint contains no suggestion of a custom or policy of Mahoning County,  Plaintiff has not stated a claim against Mahoning County.

Plaintiff also names the Mahoning County Sheriff.  However, the Complaint does not include any allegations against the Sheriff personally.  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The Complaint simply contains no facts which reasonably associate the Mahoning County Sheriff to any of the claims set forth by the Plaintiff.

The Court also notes that Plaintiff has not sought to proceed *in forma pauperis* in this mater, and thus remains responsible for complying with the service requirements set forth in Fed. R. Civ. P. 4.  Plaintiff has neither complied with the service requirements of Fed. R. Civ. P. 4,[3]

---

[3]  Fed. R. Civ. P. 4(m) requires the plaintiff to serve the summons and complaint upon the defendant within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(l)(1) states: "Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for

5

(4:20CV2716)

nor requested that the Court consider directing the United States Marshals Service to effectuate

service on his behalf.  Because Plaintiff did not seek, and was not granted, leave to proceed *in*

*forma pauperis*, he is not automatically entitled to such assistance.  The Court does not dismiss

this case pursuant to Fed. R. Civ. P. 4, but notes that Plaintiff's lack of compliance, absent a

showing of good cause, would also require dismissal of this action.

### IV.  Potential Amended Complaint

While the Court is compelled to dismiss this claims as against currently named

Defendants, based on the above analysis, it appears that the defects identified in the Complaint

could be cured through amendment, and that Plaintiff could present colorable claims against

specific parties in a revised pleading.  Accordingly, the Court will allow Plaintiff to seek to

reopen this case, and amend his complaint, within 30 days.  *See, e.g.*, *Greer v. Tennessee Dep't*

*of Correction*, No. 3:20-CV-00726, 2020 WL 6517264, at *3 (M.D. Tenn. Nov. 5, 2020).

Should Plaintiff file a motion to reopen, he should include a proposed amended

complaint.  The Court will screen the proposed amended complaint under § 1915A before ruling

on the motion to reopen.  Because the case will remain closed until the Court has completed the

screening process, Plaintiff should not attempt to serve any newly-named Defendants unless and

until the case is re-opened.  If Plaintiff seeks a court order directing the US Marshals Service to

assist him in effectuating service in this case, Plaintiff should expressly seek such relief when he

---

service by a United States marshal or deputy marshal, proof must be by the server's affidavit."
No affidavit reflecting that service has been made appears on the docket, despite the fact that this
case was filed more than 90 days ago, on December 4, 2020.

(4:20CV2716)

files his motion to reopen.

Plaintiff is reminded that he is subject to the Federal Rules of Civil Procedure, including the requirement that any amended complaint contain a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Furthermore, "[i]t is Plaintiff['s] responsibility to edit and organize [his] claims and supporting allegations into a manageable format in a single document."  *Laster v. Pramstaller*, No. 08CV10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (quoting *Windsor v. Colorado Dep't. of Corr.*, 9 Fed.Appx. 967, 968 (10th Cir. 2001)).

As discussed above, any amended complaint should name all Defendants in *the caption* of any proposed amended complaint.  Fed. R. Civ. P. 10(a).  Defendants should be individuals with personal involvement in the actions or events Plaintiff seeks redress for, and any proposed amended complaint should describe, with reasonable specificity, what those individuals or entities did that give rise to the claims against them, using separate numbered paragraphs.  Fed. R. Civ. P. 10(b); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

### V.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A.  If Plaintiff seeks to continue to pursue legal recourse regarding the facts alleged in ECF Nos. 1, 3, and 4, he must either file a new case against appropriate parties, or file a motion seeking leave to reopen this matter along with a proposed amended complaint, naming appropriate Defendants, within 30

(4:20CV2716)

days.  The Court will screen any proposed amended complaint under 28 U.S.C. § 1915A prior to granting leave to reopen the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


____April 19, 2021____          ___/s/ Benita Y. Pearson_____
Date                                            Benita Y. Pearson
                                                   United States District Judge